# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA DYER-WEBSTER, as Guardian and Next Friend of B.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 14 C 616 |
| EDDIE DENT, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the partial motion of Defendants, the County of Cook ("Cook County"), Eddie Dent ("Dent"), and Michael White ("White") (collectively "Defendants") to dismiss certain counts of the first amended complaint ("Complaint") brought by Plaintiff Debra Dyer-Webster, as Guardian and Next Friend of B.M., a minor pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). For the reasons set forth below, the Court grants the motion and Counts VI, VII and VIII are dismissed.

## BACKGROUND

For the purposes of the instant motion, the following well-pleaded allegations derived from Plaintiff's Complaint are accepted as true. The Court draws all reasonable inferences in favor of Plaintiff. Plaintiff is the Guardian Administrator of

the Illinois Department of Children and Family Services ("IDCFS") and stands to bring the instant lawsuit on behalf of wards of the State of Illinois. At the time of the alleged occurrence, B.M., a minor, was a ward of the IDCFS. Dent and White were employed by the Cook County Juvenile Temporary Detention Center (the "CCJTDC"). Plaintiff alleges that on November 6, 2013, Cook County owned, maintained, managed and/or operated the CCJTDC, located at 1100 South Hamilton, Chicago, Illinois, and employed Dent and White as employees and/or agents of the Rapid Response Team ("RRT"). Plaintiff also alleges that on and prior to November 6, 2013, the CCJTDC enacted policies, procedures, rules, regulations and/or protocols for its RRT, including, but not limited to, the manner in which a resident was to be transported and acceptable manners of physical contact with a resident. These rules prohibited its RRT members from using an object, such as a desk, as a means of subduing a resident. Plaintiff claims that CCJTDC was responsible for overseeing its employees and conducting performance reviews to ensure that its agents and/or employees were following its policies and fit to continue employment with CCJTDC.

On November 6, 2013, B.M. was attending school at CCJTDC in a class with Youth Development Specialist, Porsha Henderson ("YDS Henderson"). That day, YDS Henderson contacted the CCJTDC RRT and requested that B.M. be escorted out of YDS Henderson's classroom. Dent and White responded to YDS Henderson's request and transferred B.M. to classroom 214. B.M. allegedly advised Dent and White that he would accept the transfer and that they did not need to touch him in any

manner in order to coerce him to leave YDS Henderson's classroom. Plaintiff alleges that Dent intentionally pinned B.M.'s hands behind his back and intentionally slammed B.M.'s head into a desk located in classroom 214, causing B.M. to lose consciousness, sustain an abrasion to his chin and fracture his jaw. White allegedly witnessed Dent use excessive force on B.M. and did not stop him, despite his ability to do so, and encouraged Dent to continue. Plaintiff also alleges that Dent and White verbally abused B.M. after they broke his jaw, stating, "stop crying you little bitch," "you ain't so tough now" and "are you still a tough guy now?"

Plaintiff alleges that there was no legal cause for Dent to use any force against B.M. at any time. B.M. was allegedly cooperative with Dent and White when leaving the classroom as requested by YDS Henderson. Additionally, Plaintiff alleges that B.M. did not punch, strike, kick or in any way attempt to contact Dent or White during the transfer, so as to provoke Dent and White to use any force.

On May 26, 2015, Plaintiff filed an eight-count Complaint against Defendants, alleging: (i) excessive force pursuant to 42 U.S.C. § 1983 ("Section 1983") against Dent (Count I); (ii) failure to intervene against White (Count II); (iii) a state claim for intentional infliction of emotional distress against Dent and White (Count III); (iv) assault against Dent (Count IV); (v) battery against Dent (Count V); (vi) indemnification of Dent and White by Cook County (Count VI); (vii) a state claim for *respondeat superior* against Cook County (Count VII); and (viii) a claim against Cook County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

(1978) (Count VIII).  Plaintiff claims that B.M sustained injuries, including but not limited to physical injuries, humiliation and indignities, and mental and emotional pain.  Plaintiff asks for attorneys' fees and punitive damages based on Defendants' alleged willful, wanton, malicious, oppressive acts done with reckless indifference to and/or callous disregard for the rights of B.M.  On August 19, 2015, Defendants filed a partial motion to dismiss Plaintiff's Complaint.[1]

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012).  The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).  "Threadbare recitals of a cause of action's elements,

---

[1] In their Reply, Defendants withdrew their statute of limitations arguments alleged in their motion to dismiss.

4

supported by mere conclusory statements [ ]" are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 663.

## DISCUSSION

Defendants ask for the Court to dismiss Counts VII and VIII against Cook County because Cook County does not operate the CCJTDC and Plaintiff has failed to adequately plead a *Monell* claim. Specifically, Defendants argue that CCJTDC and Cook County are separate entities, and employees of CCJTDC are not actually employed by Cook County. Plaintiff disagrees, and contends that Cook County is responsible for Dent and White's actions. The main issue, therefore, is whether Dent and White's conduct can be imputed to Cook County.

The Seventh Circuit recently ruled on *Doe v. Cook County, Illinois*, 798 F.3d 558 (7th Cir. Aug. 17, 2015) involving CCJTDC, but the Court does not directly touch on the issue at hand. However, the Seventh Circuit in *Doe* explains the history of the CCJTDC, including:

> The word "Transitional" in the Administrator's title comes from the fact that Illinois amended its law in 2007 to move management of [CCJTDC] from the domain of the County's political branches to the domain of the Circuit Court of Cook County, in whose Chief Judge state law now vests authority. 55 ILCS 75/3(b) (allowing the Chief Judge to appoint and remove an administrator to run [CCJTDC]), 75/3(c) (giving the Chief Judge direct control over [CCJTDC]'s budget). *Doe*, 798 F.3d at 560.

Defendants insist that CCJTDC is a unit of the Circuit Court of Cook County. Although CCJTDC is represented by the Cook County State's Attorney's Office, it is clear that the State of Illinois enacted legislation transferring the administration of the

5

CCJTDC from the executive branch of Cook County to the Office of Chief Judge of the Circuit Court of Cook County.[2] To establish an employer/employee relationship between Cook County, Dent and White, Plaintiff references two websites to show members of the RRT, like Dent and White, are employed by Cook County. Unfortunately, these websites alone are not enough to convince us that Cook County is the employer of Dent and White and hold Cook County liable under the theory of *respondeat superior*[3] or for a *Monell* claim[4]. Nor is Plaintiff's argument that Cook County retained control of the facility until the Chief Judge replaced the transitional administrator on May 20, 2015 persuasive. Our conclusion is bolstered by previous cases which have discussed this issue. *See Reed v. Cnty. of Cook*, No. 12 CV 7736, 2013 WL 1749386, at *2 (N.D. Ill. Apr. 23, 2013) (where the Court agreed with the analysis in *Brass v. Cook Cnty.*, No. 09 C 6873, 2011 WL 124251, (N.D. Ill. 2011) and dismissed the complaint with respect to Cook County); *M.W. v. Doe 1*, No. 12 C 2461, 2012 WL 3717790, at *3 (N.D. Ill. Aug. 27, 2012) (where the Court found that Cook County was not a proper defendant to the lawsuit because there was no employer/employee relationship between the county and its sheriff); *Brass*, 2011 WL

---

[2] The Circuit Court of Cook County itself is a non-suable entity. *See Harris v. Circuit Court of Cook Cnty., Chicago, Ill.*, No. 96 C 1623, 1996 WL 145907, at *1 (N.D. Ill. Mar. 27, 1996); *Newsome v. Circuit Court of Cook Cnty., Criminal Div.*, No. 88 C 10493, 1989 WL 15960, at *1 (N.D. Ill. Feb. 21, 1989).

[3] As a reminder, "there is no *respondeat superior* liability under § 1983." *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 637 (7th Cir. 2009).

[4] To state a viable claim, Plaintiff must allege that Cook County deprived B.M. of a constitutional right pursuant to one of its policies, customs or practices. *See Monell*, 436 U.S. at 690-91.

124251, at *4 (where the court held that once Cook County agreed to the transitional administrator, it lost any ability to oversee or control his actions or the alleged injuries resulting therefrom). Counts VII and VIII against Cook County are hereby dismissed.

Defendants originally requested dismissal of Count VI, indemnification of Dent and White by Cook County, because of the lack of an employer/employee relationship. However, in their reply, Defendants do not specifically ask for Count VI to be dismissed and simply mention in a footnote that "[b]ecause Cook County is not Defendant Dent or Defendant White's employer, Cook County is not required to indemnify Dent and White based on 'their employment as employees of Cook County[,]' as pled." Although Plaintiff may be correct that Cook County is an indispensable party because state law requires the County to pay judgments entered as required with an institution like the sheriff's office, *M.W.*, 2012 WL 3717790, at *3, the allegations in Count VI currently stand inconsistent with our finding that Cook County is not the employer of Dent and White. Thus, Count VI is also dismissed for failure to plead a cause of action for which relief can be granted.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is granted with respect to Counts VI, VII and VIII.

_____
Charles P. Kocoras
United States District Judge

Dated: 10/28/2015